AO 10
Rev. 1/2017

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2016

*Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111)*

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Bucki, Carl L. | Bankruptcy Court | 05/11/2017 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| Bankruptcy Judge - active | ☐ Nomination   Date<br>☐ Initial   ☑ Annual   ☐ Final<br>5b. ☐ Amended Report | 01/01/2016<br>to<br>12/31/2016 |

**7. Chambers or Office Address**

300 Pearl Street
Suite 350
Buffalo, New York 14202

***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Life Trustee | Buffalo History Museum, formerly known as The Buffalo and Erie County Historical Society |
| 2. | Co-Trustee | Trust # 1 |
| 3. | Director | Polish Arts Club of Buffalo, Inc. |
| 4. | | |
| 5. | | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
| --- | --- | --- | --- |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
| --- | --- | --- |
| 1. | 2016 | Town of Amherst - salary |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
| --- | --- | --- | --- | --- | --- |
| 1. | The Capital Region and Central New York Bankruptcy Bar Associations | Nov. 10 to 11, 2016 | Cooperstown, New York | Bankruptcy CLE (Teaching) | lodging and food |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| **Bucki, Carl L.** | 05/11/2017 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑   NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑   NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Bucki, Carl L. | 05/11/2017 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Deposits in accounts at Bank of America | A | Interest | L | T | | | | | |
| 2. Metropolitan Life Insurance Company: whole life insurance | A | Int./Div. | J | T | | | | | |
| 3. Polish National Alliance: whole life insurance | A | Int./Div. | J | T | | | | | |
| 4. Polish Roman Catholic Union: whole life insurance | A | Int./Div. | J | T | | | | | |
| 5. Polish National Alliance: whole life insurance | A | Int./Div. | J | T | | | | | |
| 6. Prudential whole life insurance | A | Int./Div. | J | T | | | | | |
| 7. Prudential Financial common stock | A | Dividend | J | T | | | | | |
| 8. CD # 1 at Bank of America | A | Interest | K | T | | | | | |
| 9. CD # 2 at Bank of America | A | Interest | | | Closed | 07/18/16 | J | | |
| 10. Account at First Niagara Bank | A | Interest | | | Closed | 10/07/16 | L | | |
| 11. Account at Key Bank (formerly First Niagara Bank) | A | Interest | J | T | | | | | |
| 12. Account at HSBC Bank USA, N.A. | A | Interest | K | T | | | | | |
| 13. Prudential whole life insurance | A | Int./Div. | J | T | | | | | |
| 14. Accounts at M&T Bank | A | Interest | M | T | | | | | |
| 15. Trust Account at Key Bank | A | Interest | | | Distributed | 07/20/16 | J | | |
| 16. Real Property # 1, Amherst, New York | D | Rent | N | W | | | | | |
| 17. New York State 529 Plan - Conservative Growth Portfolio # 1 | A | Int./Div. | J | T | Buy (add'l) | 10/11/16 | J | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Bucki, Carl L. | 05/11/2017 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34–60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. New York State 529 Plan - Conservative Growth Portfolio # 2 | A | Int./Div. | J | T | Buy (add'l) | 10/11/16 | J | | |
| 19. Accounts at M&T Bank | A | Interest | M | T | | | | | |
| 20. Accounts at Key Bank | A | Interest | L | T | | | | | |
| 21. Inherited IRA at Key Bank | A | Interest | J | T | | | | | |
| 22. Prudential Alliance deposit account | A | Interest | J | T | | | | | |
| 23. Metropolitan fixed rate annuity | A | Int./Div. | J | T | | | | | |
| 24. AT&T common stock (x) | B | Dividend | L | T | | | | | |
| 25. Comcast common stock (x) | A | Dividend | J | T | | | | | |
| 26. Verizon Communications common stock (x) | A | Dividend | J | T | | | | | |
| 27. Vodafone Group Plc common stock (x) | A | Dividend | J | T | | | | | |
| 28. Prudential Financial common stock (x) | A | Dividend | J | T | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

In part VII, line 11 references an account now at Key Bank. This is the same account identified in the 2015 Report as an Account at First Niagara Bank. During 2016, First Niagara Bank merged into Key Bank.

In part VII, line 15 references the sole asset of the trust that is identified on line 2 of part 1.

In part VII, lines 17 and 18 refer to New York State 529 Plans. These plans allow only the selection of a general investment stategy, which in both instances is a conservative growth portfolio. The plans do not otherwise allow the selection of assets within the plan.

In part VII, lines 7 and 28 both reference common stock in Prudential Financial, Inc. The stock in line 7 is owned ▓▓▓▓▓. The stock in line 28 was acquired by the undersigned through inheritance during 2016.

| Name of Person Reporting | Date of Report |
|---|---|
| Bucki, Carl L. | 05/11/2017 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Carl L. Bucki**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544